**FILED
SCRANTON**

SEP 1 0 2012

Per_____

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALYSSA FOSTER,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )          **NOTICE OF REMOVAL**
                                  )
WEST ASSET MANAGEMENT, INC.,      )          *3:12-cv-1814*
                                  )
            Defendant.            )
                                  )
                                  )

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, Defendant West Asset Management, Inc. ("West"), by its attorney, hereby removes this action from the Court of Common Pleas, County of Lackawanna, Commonwealth of Pennsylvania to the United States District Court for the Middle District of Pennsylvania.  In support of this Notice of Removal, Defendant West states as follows:

1.      Plaintiff, Alyssa Foster, originally commenced this action by filing a Complaint against Defendant West in the Court of Common Pleas, County of Lackawanna, Commonwealth of Pennsylvania, where it is presently captioned as *Alyssa Foster vs. West Asset Management, Inc.,* Case No.: 12-cv-4994.  No further proceedings before the State court have occurred.

2.      In the Complaint, plaintiff alleges statutory causes of action against Defendant, West Asset Management, Inc.  A true and correct copy of Plaintiff's Complaint is attached hereto as Ex. "A."

3.     Plaintiff alleges Defendant, West Asset Management, Inc., violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

4.     Plaintiff provided defendant West with her Complaint on or about August 20, 2012.

5.     This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1441(b) in that the claims are "founded on a claim or right arising under the . . . laws of the United States . . ."

6.     To the extent Plaintiff maintains any claims pursuant to state law, which claims Plaintiff did not expound upon, this Court has supplemental jurisdiction over all state claims, pursuant to 28 U.S.C. § 1441(c).

7.     This Notice of Removal is timely, having been filed within thirty (30) days of the date on which the Defendant was served with Plaintiff's Complaint.  See 28 U.S.C. § 1446.

8.     Written notice of this Notice of Removal of this action is being immediately provided to the Court of Common Pleas, County of Lackawanna, Commonwealth of Pennsylvania. *See* Ex. "B."

9.     Written notice of this Notice of Removal of this action is being caused to be served on counsel for the Plaintiff.

WHEREFORE, Defendant West Asset Management, Inc. gives notice that this action is removed from the Court of Common Pleas, County of Lackawanna, Commonwealth of Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Dated: September 6, 2012

Respectfully submitted,

Ross S. Enders, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax: (908) 751-5944
renders@sessions-law.biz
Attorney for Defendant
West Asset Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2012, a copy of the foregoing **Notice of Removal to the United States District Court for the Middle District of Pennsylvania** was served by Federal Express upon the Clerk of the Court and via regular mail upon counsel for plaintiff:

Patrick Walsh, Esq.
269 S. Keyser Avenue
Old Forge, PA. 18518

By: _____
Ross S. Enders, Esq.
Attorney for Defendant
West Asset Management, Inc.

# EXHIBIT "A"

# Supreme Court of Pennsylvania

**RECEIVED AUG 2 0 2012**

### Court of Common Pleas
### Civil Cover Sheet
### Lackawanna County

| For Prothonotary Use Only: | |
|---|---|
| Docker No: | MARY FORINALDI LACKAWANNA COUNTY |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

JUDICIAL RECORDS CIVIL DIVISION

**Commencement of Action:**
- ☒ Complaint
- ☒ Writ of Summons
- ☒ Petition
- ☒ Notice of Appeal
- ☒ Transfer from Another Jurisdiction
- ☒ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
|  |  |

☐ Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney:

| Are money damages requested? : ☒ Yes  ☒ No | Dollar Amount Requested: (Check one) | ☒ within arbitration limits  ☐ outside arbitration limits |
|---|---|---|

Is this a *Class Action Suit*?   ☐ Yes   ☒ No

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☒ Malicious Prosecution
- ☒ Motor Vehicle
- ☒ Nuisance
- ☒ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☒ Slander/Libel/ Defamation
- ☒ Other:

**MASS TORT**
- ☒ Asbestos
- ☒ Tobacco
- ☒ Toxic Tort - DES
- ☒ Toxic Tort - Implant
- ☒ Toxic Waste
- ☒ Other:

**PROFESSIONAL LIABLITY**
- ☒ Dental
- ☒ Legal
- ☒ Medical
- ☒ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☒ Buyer Plaintiff
- ☒ Debt Collection: Credit Card
- ☒ Debt Collection: Other

- ☒ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other

- ☒ Other:

**REAL PROPERTY**
- ☒ Ejectment
- ☒ Eminent Domain/Condemnation
- ☒ Ground Rent
- ☒ Landlord/Tenant Dispute
- ☒ Mortgage Foreclosure
- ☒ Partition
- ☒ Quiet Title

- ☒ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☒ Board of Assessment
- ☒ Board of Elections
- ☒ Dept. of Transportation
- ☒ Zoning Board
- ☒ Statutory Appeal: Other

Judicial Appeals
- ☒ MDJ - Landlord/Tenant
- ☒ MDJ - Money Judgment
- ☒ Other:

**MISCELLANEOUS**
- ☒ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☒ Mandamus
- ☒ Non-Domestic Relations Restraining Order
- ☒ Quo Warranto
- ☒ Replevin

- ☒ Other:

*Pa.R.C.P. 205.5*

2/2010

RECEIVED AUG 2 0 2012

| | |
|---|---|
| ALYSSA FOSTER,<br><br>                    **PLAINTIFF**<br><br>v.<br><br>WEST ASSET MANAGEMENT, INC.<br><br>                    **DEFENDANT** | **IN THE COURT OF COMMON PLEAS**<br>**OF LACKAWANNA COUNTY,**<br>**PENNSYLVANIA**<br><br>**CIVIL ACTION-LAW**<br><br>NO:   *12- CV· 4994*<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a Judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northern Pennsylvania Legal Services    or    Lawyer Referral Service
507 Linden Street, Suite 300                              Lackawanna Bar Association
Scranton, PA 18503-1631                             338 N. Washington Ave, 3rd Floor
(570) 342-0184                                         Scranton, PA 18503
                                                   (570) 969-9161

MARY F. RINALDI LACKAWANNA COUNTY CLERK OF JUDICIAL RECORDS CIVIL DIVISION 16 A 9 26

RECEIVED AUG 2 0 2012

Patrick Walsh, Esquire/87931
Kelley, Polishan, Walsh & Solfanelli, LLC
259 S. Keyser Ave.
Old Forge, PA 18518
Phone: (570) 562-4520

MARY F. RINALDI
LACKAWANNA COUNTY

'12 '16 16 A 9: 26

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

| | |
|---|---|
| **ALYSSA FOSTER,** | **IN THE COURT OF COMMON PLEAS** |
| **PLAINTIFF** | **OF LACKAWANNA COUNTY, PENNSYLVANIA** |
| v. | |
| **WEST ASSET MANAGEMENT, INC,** | **CIVIL ACTION-LAW** |
| **DEFENDANT** | **NO:** *12 - CV - 4994* |
| | **JURY TRIAL DEMANDED** |
| | **COMPLAINT** |

## COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff, **ALYSSA FOSTER**, an individual consumer, against Defendant, West Asset Management, Inc., for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

3. Defendant, West Asset Management, Inc is subject to strict liability for collection activity which violates the provisions of the FDCPA.

## II. JURISDICTION

4. Venue is proper because Defendant regularly conducts business in Lackawanna County and because Lackawanna County is the county where the cause of action arose.

RECEIVED AUG 2 0 2012

### III. PARTIES

5. Plaintiff, Alyssa Foster, ("Plaintiff"), currently resides in Moscow, Lackawanna County, Pennsylvania.

6. Defendant, West Asset Management, Inc., (at times "West" or "Defendant") upon information and belief is a foreign corporation engaged in the business of collecting debts in the Commonwealth of Pennsylvania with a place of business located at 2221 New Market Parkway, Marietta, Georgia, 30067.  West at all times relevant and material hereto, transacted business in Lackawanna County.

7. West regularly engages in the collection of consumer debts using the mails and telephone.

8. West regularly attempts to collect consumer debts alleged to be due another.

9. West is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### IV. STATEMENT OF CLAIM

10. On or about July 31, 2012, a representative of West going by the name Heather Herman, telephoned plaintiff (the "7/31/12 Call" of the "1st Call") in an attempt to collect the alleged debt which arose out of a transaction which was incurred primarily for personal, family or household purposes ("Debt").

11. At all times pertinent hereto, the 7/31/12 Call was the initial communication from West to plaintiff in connection with the collection of the debt.

12. During the 7/31/12 Call, West's agent told plaintiff that they were calling in regard to a student loan debt with an approximate balance of $17,000.00.

RECEIVED AUG 20 2012

13. During the 7/31/12 Call, West's agent threatened plaintiff with criminal charges and also stated that they could take her taxes and garnish her wages if she did not set up payment arrangements that day.

14. The 7/31/12 Call was somehow unintentionally disconnected.

15. Frightened and scared and actually believing she was in imminent legal trouble with the threat of criminal charges, plaintiff called West back (the "2nd Call").

16. During the 2nd call, plaintiff spoke with a different West representative than she spoke with during the 1st Call.

17. Frightened and scared and actually believing she was in imminent legal trouble with the threat of criminal charges, plaintiff was coerced into setting up a payment plan with West's agent in connection with collection of the debt.

18. West's agent stated that a payment plan of $218.00 per month would have to be set up for the first twelve (12) months.

19. West's agent further stated to plaintiff that payment plan of $218.00 per month for the first twelve (12) months would go towards fees and not to the student loan balance.

20. West's agent also stated that the amount due would change after the first 12 months.

21. Thereafter, on or about August 2, 2012, West wrote and sent to plaintiff, by U.S. Mail, a letter (the "1st Letter") confirming the payment plan set up during the 2nd call.

22. On August 2, 2012, West also wrote and sent to plaintiff, by U.S. Mail, a second letter (the "2nd Letter") requesting that plaintiff fill out a financial statement so that West could determine a "reasonable and affordable payment amount for [plaintiff]."

RECEIVED AUG 2 0 2012

22. At all pertinent times hereto, the 1st and 2nd Letters were the only written communications received by plaintiff from West in connection with the collection of the debt.

23. Section 1692g of the FDCPA provides as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with a name and address of the original creditor, if different from the current creditor.

RECEIVED AUG 2 0 2012

24. West did not provide plaintiff with the statutorily required notice during the initial communication or in writing within five (5) days of the initial communication in violation of section 1692g of the FDCPA.

25. The FDCPA prohibits a debt collector from using false, deceptive and misleading means to collect any debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §§1692e, 1962e(5).

26. The threats of criminal charges by West and Herman were designed to deceive and mislead plaintiff into thinking that legal action was imminent to create a false sense of urgency in connection with the collection of a debt in violation of section 1692e(5).

27. The threat of criminal charges made by West's representative was specifically designed to deceive and mislead plaintiff into thinking that West would in fact proceed with criminal charges, in order to create a false sense of urgency in connection the payment demanded in the telephone calls in violation of section 1692e(5).

28. The FDCPA prohibits a debt collector from using false, deceptive and misleading means to collect any debt. 15 U.S.C. §§1692e(10).

29. The threat of criminal charges made by West's representative were false, deceptive and/or misleading in connection with the collection of a debt in violation of section 1692e(10) of the FDCPA.

30. The FDCPA provides in pertinent part that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt 15 U.S.C. §1692d.

31. West's conduct during the aforementioned telephone calls on July 31, 2012 were done for no other purpose than to harass, oppress and abuse the plaintiff in connection with the collection of the alleged debt in violation of section 1692d of the FDCPA.

RECEIVED AUG 2 0 2012

32.   The FDCPA provides in pertinent part that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. §1692f(1).

33.   West's statement to plaintiff that payment plan of $218.00 per month for the first twelve (12) months would go towards fees and not to the student loan balance was an attempt to collect an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law in violation of section 1692f(1) of the FDCPA.

34.   West knew or should have known that their actions violated the FDCPA.  Additionally, West could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

35.   At all times pertinent hereto, West was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the West.

36.   As a result of West's conduct, plaintiff has sustained emotional and mental pain and anguish in the form of anxiety, loss of sleep, loss of appetite, nervousness and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great loss and detriment.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.
## ALYSSA FOSTER vs.  WEST ASSET MANAGEMENT, INC.

37.   Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

38.   West's conduct as set forth herein constitutes violations of sections 1692d, 1692e, 1692e(5), 1692e(10), 1692g and 1692f(1) of the FDCPA.

RECEIVED AUG 2 0 2012

WHEREFORE, Plaintiff demands judgment against West Asset Management, Inc., for:

(a)   Actual and Statutory Damages;

(b)   Attorney's fees and costs;

(c)   Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

Kelley, Polishan, Walsh & Solfanelli, LLC

Patrick Walsh, Esquire/87931

259 S. Keyser Ave.
Old Forge, Pa 18518
Phone: (570) 562-4520
Email: pwalsh@kpwslaw.com
**Attorney for Plaintiff**

RECEIVED AUG 20 2012

## VERIFICATION

I, Alyssa Foster hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Alyssa Foster

RECEIVED AUG 2 0 2012

KELLEY POLISHAN WALSH & SOLFANELLI, LLC
ATTORNEYS AT LAW
259 S. KEYSER AVENUE | OLD FORGE | PENNSYLVANIA | 18518

RETURN RECEIPT
REQUESTED



CERTIFIED MAIL

7008 1140 0001 5313 7009

WEST ASSET MANAGEMENT, INC.
2221 NEW MARKET PARKWAY
MARIETTA GA 30067



U.S. POSTAGE PAID
TAYLOR, PA
18517
AUG 18, '12
AMOUNT

$6.15
0001350636

30067

1000

# EXHIBIT "B"

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax:    (908) 751-5944
Attorneys for Defendant, West Asset Management, Inc.

|  |  |  |
|---|---|---|
| ALYSSA FOSTER, | ) | **COURT OF COMMON PLEAS** |
|  | ) | **COUNTY OF LACKAWANNA** |
| Plaintiff, | ) | **COMMONWEALTH OF PENNSYLVANIA** |
|  | ) | **CIVIL ACTION-LAW** |
| v. | ) |  |
|  | ) |  |
| WEST ASSET MANAGEMENT, INC., | ) | **Case No.: 12-cv-4994** |
|  | ) |  |
| Defendant. | ) | **NOTICE OF FILING OF** |
|  | ) | **NOTICE OF REMOVAL TO THE** |
|  | ) | **UNITED STATES DISTRICT COURT** |
|  | ) | **MIDDLE DISTRICT OF** |
|  | ) | **PENNSYLVANIA** |
|  | ) |  |

TO:   Clerk of the Court
       United States District Court
       Middle District Pennsylvania
       Max Rosenn U.S. Courthouse
       197 South Main Street,
       Wilkes-Barre, PA 18701

       Clerk of the Court
       Court of Common Pleas
       Lackawanna County
       Lackawanna County Courthouse
       200 N. Washington Avenue
       Scranton, PA 18503

       Patrick Walsh, Esq.
       269 S. Keyser Avenue
       Old Forge, PA. 18518

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Middle District of Pennsylvania. Attached hereto as Exhibit "1" is a copy of the Notice of Removal filed in the United States District Court effecting such removal.

PLEASE TAKE FURTHER NOTICE that in accordance with 28 U.S.C. § 1446(d), the Court of Common Pleas, County of Lackawanna, Commonwealth of Pennsylvania, shall proceed no further in this action unless and until the action is remanded by the United States District Court for the Middle District of Pennsylvania.

Dated: September 6, 2012

Respectfully submitted,

Ross S. Enders, Esq. (89840)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax: (908) 751-5944
renders@sessions-law.biz
Attorney for Defendant,
West Asset Management, Inc.

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax:     (908) 751-5944
Attorneys for Defendant, West Asset Management, Inc.

| | | |
|---|---|---|
| ALYSSA FOSTER, | ) ) ) | |
| Plaintiff, | ) ) ) | **COURT OF COMMON PLEAS** <br> **COUNTY OF LACKAWANNA** |
| v. | ) ) | **COMMONWEALTH OF PENNSYLVANIA** <br> **CIVIL ACTION-LAW** |
| WEST ASSET MANAGEMENT, INC., | ) ) ) | |
| Defendant. | ) ) ) ) ) ) ) ) | **Case No.: 12-cv-4994** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2012 a copy of the foregoing **Notice of Filing of Notice of Removal to the United States District Court for the Middle District of Pennsylvania** was served by Federal Express upon the Clerk of the Court and via regular mail upon counsel for plaintiff:

Clerk of the Court
United States District Court
Middle District Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street,
Wilkes-Barre, PA 18701

Clerk of the Court
Court of Common Pleas
Lackawanna County
Lackawanna County Courthouse
200 N. Washington Avenue
Scranton, PA 18503

Patrick Walsh, Esq.
269 S. Keyser Avenue
Old Forge, PA. 18518

By:     _____
        Ross S. Enders, Esq.
        Attorney for Defendant,
        West Asset Management, Inc.



**SESSIONS FISHMAN NATHAN& ISRAEL** L.L.C.
ATTORNEYS AT LAW

ROSS S. ENDERS
Direct:  (908) 751-5941
renders@sessions-law.biz

September 6, 2012

**VIA FEDERAL EXPRESS**
Clerk of the Court
United States District Court
Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street,
Wilkes-Barre, PA 18701

     Re:   *Alyssa Foster v. West Asset Management, Inc.*

Dear Sir/Madam:

     SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC represents Defendant West Asset Management, Inc. ("West") in the above-referenced action.  I enclose an original and one copy of the following for filing:

- Notice of Removal;
- Civil Cover Sheet;
- West's Rule 7.1(a) Corporation Disclosure Statement;
- This law firm's check number 39787, in the amount of $350, made payable to "Clerk USDC MDPA."

     I would appreciate it if you would forward to me in the enclosed, pre-stamped, self-addressed envelope a filed-stamped copy of all pleadings.

     Thank you for your attention to this matter.

                    Very truly yours,

                    Ross S. Enders, Esq.

RSE:ked
Enclosures
cc: Patrick Walsh, Esq. (w/encls., via Regular Mail)

200 Route 31 North . Suite 203  Flemington, New Jersey   08822-5736
(908) 751-5797   (908) 751-5944  F   www.sessions-law.com
CALIFORNIA ■ COLORADO ■ FLORIDA ■ GEORGIA ■ ILLINOIS ■ LOUISIANA ■ NEW JERSEY ■ NEW YORK ■ TEXAS

Court Name: District Court
Division: 3
Receipt Number: 333025293
Cashier ID: tscott
Transaction Date: 09/10/2012
Payer Name: SESSIONS FISHMAN
------------------------------------
CIVIL FILING FEE
 For: ROSS ENDERS
 Amount:        $350.00
------------------------------------
Paper Check Conversion
 Check/Money Order Num: 39787
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:       $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.